IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Sadler Clinic, PLLC, | § | Case No.: 12-34546 |
| | § | |
| and | § | |
| | § | |
| Montgomery County | § | Case No.: 12-34547 |
| Management Company, LLC | § | |
| | § | Substantively Consolidated |
| Debtors | § | Under Case No. 12-34546 |
| | § | (Chapter 7) |
| ------------------------------------------§ | | |
| Allison D. Byman, | § | |
| Chapter 7 Trustee | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| RBP Services, Inc. | § | |

**TRUSTEE'S COMPLAINT
TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547,
OR ALTERNATIVELY 11 U.S.C. § 548, AND
TO RECOVER SUCH TRANSFERS PURSUANT TO 11 U.S.C. § 550**

COMES NOW, Allison D. Byman, Chapter 7 Trustee for the above-captioned substantively consolidated bankruptcy estate (the "*Trustee*" or "*Plaintiff*"), and respectfully files her *Complaint to Avoid Transfers Pursuant to 11 U.S.C. § 547, or Alternatively Under 11 U.S.C. § 548, and to Recover Such Transfers Pursuant to 11 U.S.C. § 550* against RBP Services, Inc., and shows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 1334 and 157. Relief is sought pursuant to 11 U.S.C. §§ 547, 548 and 550 and other applicable law.

2. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O). The Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) because the above-captioned bankruptcy case is pending before this Court.

## THE PARTIES

4. Allison D. Byman is the duly qualified and acting Chapter 7 Trustee for the above-captioned substantively consolidated bankruptcy estate of Sadler Clinic, PLLC ("*Sadler*") and Montgomery County Management Company, LLC ("*MCMC*") (Sadler and MCMC are referred to herein individually as the "*Debtor*" and collectively as the "*Debtors*").

5. RBP Services, Inc. ("*Defendant*") is a Texas corporation and may be served with process by serving its registered agent Mike Baker at 33223 Forest West Street, Magnolia, Texas 77354 by any means provided for under the Bankruptcy Code.

## RELEVANT FACTS

6. On June 15, 2012 (the "*Petition Date*"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. On August 2, 2012, the Court converted the cases to Chapter 7 of the Bankruptcy Code. Thereafter, Allison Byman was appointed Chapter 7 Trustee to administer the assets of the bankruptcy estates.

8. On September 16, 2013, the Court granted the Trustee's *Motion to Substantively Consolidate the Debtors' Bankruptcy Estates* [Main Case Docket Nos. 468 & 474] thereby substantively consolidating the two estates for all intents and purposes. The Trustee moved for

substantive consolidation primarily based upon the Debtors' relationship under the Management Services Agreement and because a large majority of the creditors apparently dealt with the Debtors as a single economic unit and did not rely on their separate identities in extending credit. MCMC's sole source of income was from the accounts receivables generated by Sadler.

9. On March 29, 2012, Sadler and/or MCMC made a payment in the amount of $18,467.00 to the Defendant (the "*Transfer*"). The Transfer was in the form of a check—check number 52236. The Defendant deposited the check in its bank account. The check cleared the payor bank on April 4, 2012. On information and belief, the Defendant received the Transfer and such was credited to its bank account. The Transfer was payment on an antecedent debt owed by Sadler and/or MCMC to the Defendant.

10. The Transfer was made during the ninety (90) days immediately preceding the Petition Date. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent during the ninety (90) days before the Petition Date.

11. The Trustee asserts that unsecured creditors will not be paid in full.

**COUNT I – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 547**

12. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

13. The Trustee would show the Transfer is avoidable under 11 U.S.C. § 547.

14. Section 547(b) of the Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> > (1) to or for the benefit of a creditor;
> > (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> > (3) made while the debtor was insolvent;

  (4) made—

    (A) on or within 90 days before the date of the filing of the petition; . . .

  (5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.[1]

15. Under 11 U.S.C. § 547(b), the Transfer constitutes an avoidable preference.

16. The Transfer to the Defendant constitutes a transfer of an interest of Sadler and/or MCMC in property.

17. The Transfer was to or for the benefit of the Defendant.

18. The Transfer was for or on account of an antecedent debt owed by Sadler and/or MCMC before it made such payment.

19. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent.

20. The Transfer was made on or within ninety (90) days before the Petition Date.

21. The Transfer enabled the Defendant to receive more than what the Defendant would have received if (i) the case were a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

---

[1] 11 U.S.C. §547(b).

## COUNT II – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 548

22. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

23. In the *alternative*, the Transfer is avoidable by the Trustee under 11 U.S.C. § 548.

24. The Transfer is a fraudulent transfer under 11 U.S.C. § 548.

25. The Transfer was an interest of MCMC in property.

26. The Transfer was made within one year prior to the Petition Date.

27. MCMC received less than reasonably equivalent value in exchange for the Transfer, and MCMC (a) was insolvent when the Transfer was made or became insolvent as a result of such transfers, (b) were engaged or was about to engage in a business or transaction for which the Debtor's remaining property was unreasonably small capital, or (c) intended to incur or believed that the Debtor would incur, debts beyond Debtor's ability to pay as they became due.

## COUNT III – TRANSFERS RECOVERABLE UNDER 11 U.S.C. § 550

28. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

29. The Trustee would show the Transfer is recoverable under 11 U.S.C. § 550.

30. Section 550(a)(1) of the Code provides that:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547, 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> a. the initial transferee of such transfer or the entity for whose benefit such transfer was made; . . .[2]

---

[2] 11 U.S.C. § 550(a)(1).

31. The Defendant was the initial transferee of the Transfer.

32. The Trustee is entitled to avoid and recover the Transfer from the Defendant under either 11 U.S.C. §§ 547 and 550 or 11 U.S.C. §§ 548 and 550.

## RELIEF

WHEREFORE, the Plaintiff, Allison D. Byman, Chapter 7 Trustee for the above-captioned substantively consolidated bankruptcy estate, prays that this Court enter judgment in her favor as set forth above and to grant all further relief to which she is justly entitled.

DATED this 23rd day of April, 2014.

Respectfully submitted,

*/s/ Simon Mayer*
Steven Shurn        TBN: 24013507
sshurn@hwa.com
Simon Mayer         TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
Telephone:  713-759-0818
Facsimile:   713-759-6834
**ATTORNEYS FOR ALLISON D. BYMAN, CHAPTER 7 TRUSTEE**